# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| HILTON FOOTE, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>LUMICO LIFE INSURANCE COMPANY,<br><br>  Defendant. | Civil Action File No.<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief as follows:

## NATURE OF ACTION

1.  This case involves a telemarketing campaign by Lumico Life Insurance Company ("Lumico") to market its services in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA").

2.  In violation of the TCPA, Lumico initiated a pre-recorded telemarketing call to the cellular telephone number of the Plaintiff.

3. The Plaintiff never consented to receive the call, which was placed to him for telemarketing purposes. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, the Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of the Defendant.

4. A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("hereinafter referred to as CAFA"), codified as 28 U.S.C. § 1332(d)(2). The matter in controversy exceeds $5,000,000, in the aggregate, exclusive of interest and costs, as each member of the proposed Class of at least tens of thousands is entitled to up to $1,500.00 in statutory damages for each call that has violated the TCPA. Further, Plaintiff alleges a national class, which will result in at least one Class member from a different state.

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

7. This Court has personal jurisdiction over Lumico because the conduct at issue in the case occurred, among other locations, in the State of Georgia, and the company conducts business in the State of Georgia. As such, it has established minimum contacts showing that it has purposefully availed itself of the resources and protection of the State of Georgia.

8. Venue is proper in the United States District Court for the Northern District of Georgia because Lumico is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced, and because Lumico's contacts with this District are sufficient to subject it to personal jurisdiction.

## PARTIES

9. Plaintiff Hilton Foote is, and at all times mentioned herein was, an individual citizen of the State of Georgia, who resides in Atlanta, Georgia.

10. Defendant Lumico Life Insurance Company is a Missouri corporation with its principal place of business of 237 East High Street, Jefferson, Missouri. Lumico Life Insurance conducts business in this District as it tried to do with the Plaintiff.

# THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

## The TCPA's Restrictions on Calls to Cellular Telephones

11. In 1991, Congress enacted the TCPA[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

12. Specifically, the plain language of section 227(b)(1)(A)(iii) of the TCPA prohibits making any call to a wireless number using an autodialer or an artificial or prerecorded voice, in the absence of an emergency or the prior express consent of the called party.

13. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

14. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[2]

15. In 2013, the FCC required prior express written consent for all

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 ("TCPA").  The TCPA amended Title II
[2] *In re Rules and Regulations Implementing the TCPA*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014, 14115 (¶ 165) (2003).

autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

## FACTUAL ALLEGATIONS

16. Lumico is an insurance company offering a series of insurance products including life insurance.

17. To generate new customers, Lumico relies on telemarketing.

18. One of Lumico's strategies for telemarketing involves the use of an automatic telephone dialing system ("ATDS") to solicit business.

19. Coupled with this technology, Lumico also employs the use of pre-recorded messages, which require the consumer to affirmatively respond to an automated message before they can speak with a live person.

20.     Lumico engages in use of this equipment and the pre-recorded messages because it allows for thousands of automated calls to be placed at one time, but its sales representatives, who are paid based on sales they complete, only talk to individuals who affirmatively respond.

21.     Through this method, Lumico shifts the burden of wasted time to the consumers it calls with unsolicited messages.

Call to Mr. Foote

22.     Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153(39).

23.     The Plaintiff's telephone number, (404) 574-XXXX, is registered to a cellular telephone service.

24.     On May 24, 2018, the Plaintiff received a pre-recorded message from Lumico. When the call was answered, there was a lengthy pause and a click followed by silence before the recorded message was played.

25.     This sound is consistent with use of a predictive dialer, which is automated dialing equipment subject to the TCPA's restrictions.

26.     These facts, as well as the scripted nature of the calls, indicate that the calls were made with an automatic telephone dialing system as defined in 47 U.S.C. § 227(a)(1).

- 7 -

27. In fact, the use of a pre-recorded message itself is indicative that an ATDS was used, as it would be illogical to manually dial each call just to play a recorded message if a call recipient picks up.

28. The recording was generic and made mention of insurance being for sale in the call recipient's area.

29. The pre-recorded message did not identify the party that was calling, so to investigate the call, the Plaintiff "pressed one".

30. The purpose of the call was to sell the Plaintiff Lumico's goods and services.

31. Confirming that fact, the Defendant sent the Plaintiff an e-mail regarding their insurance services.

32. The e-mail came from "no_reply@lumico.com ".

33. The call came from a Caller ID of (404) 304-2458, a Georgia area code.

34. Other individuals have complained about contact from that number. *See* https://findwhocallsyou.com/4043042458?CallerInfo (Last Visited July 24, 2018).

35. The Defendant did not have the Plaintiff's prior express written consent to make the call at issue.

36. In fact, prior to the filing of the lawsuit, the Plaintiff wrote to the Defendant advising it that he intended on proceeding with a formal claim and asking them to provide any evidence of consent.

37. The Defendant did not respond.

38. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up, they were charged for the calls and their privacy was improperly invaded.

39. Moreover, these calls injured the Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of the Plaintiff and the class.

## CLASS ACTION ALLEGATIONS

40. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

41. Plaintiff bring this action individually and on behalf of all other persons similarly situated (hereinafter referred to as "the Class") pursuant to Federal Rule of Civil Procedure 23(b)(3).

42. Plaintiff propose the following Class definitions, subject to amendment as appropriate:

> All persons within the United States to whom: (a) Lumico and/or a third party acting on its behalf made one or more non-emergency telephone calls; (b) that could have promoted Lumico's products or services; (c) to their cellular telephone number; (d) using an automatic telephone dialing system or an artificial or prerecorded voice, and (e) at any time period in the period that begins four years before the date of the filing of this Complaint to trial.

43. Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge to whom this action is assigned, and any member of such Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

44. The class as defined above is identifiable through phone records and phone number databases.

45. The potential class members number at least in the thousands, since automated and pre-recorded telemarketing campaigns make calls to hundreds or thousands of individuals a day. Individual joinder of these persons is impracticable.

46. Plaintiff is a member of the proposed class.

47. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

- Whether Defendant placed calls using a pre-recorded message;

- Whether Defendant placed calls without obtaining the recipients' prior consent for the call;
- Whether the Plaintiff and the class members are entitled to statutory damages because of Defendant's actions.

48. Plaintiff's claims are typical of the claims of class members. Plaintiff's claims, like the claims of the Class arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

49. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

50. Common questions of law and fact predominate over questions affecting only individual class members. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

51. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated.

52. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

53. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

54. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## CAUSES OF ACTION

### FIRST COUNT

**AUTODIALER TO CELL VIOLATIONS (INCLUDING BUT NOT LIMITED TO KNOWING AND/OR WILLFUL VIOLATIONS) OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**

55. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

56. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the TCPA concerning calls made through use

of any "automatic telephone dialing system." 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(1)(iii).

57. As a result of the Defendant's violations, Plaintiff and Class members are entitled to an award of $500 in statutory damages for each and every violation of the statute, or up to $1,500 in statutory damages for each willfully or knowingly-made violation, pursuant to 47 U.S.C. § 227(b)(3).

58. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting the Defendant's violation of the TCPA in the future.

## SECOND COUNT

### PRERECORDED OR ARTIFICIAL VOICE VIOLATIONS (INCLUDING BUT NOT LIMITED TO KNOWING AND/OR WILLFUL VIOLATIONS) OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

59. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

60. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the TCPA, concerning calls made through use of a "artificial or prerecorded voice," including but not limited to 47 U.S.C. §§ 227(b)(1)(A)(iii) & (b)(1)(B); 47 C.F.R. §§ 64.1200(a)(1)(iii) & 64.1200(a)(2).

61. Lumico also violated 47 C.F.R. §§ 64.1200(b) as to many or all of the prerecorded messages that were used on calls, because the calls did not clearly and

accurately identify the business that was making the call at the beginning of such calls, did not clearly state the telephone number of such business and/or did not provide an adequate automated interactive voice for the person to make a do-not-call request.

62. As a result of the Defendant's violations, Plaintiff and Class members are entitled to an award of $500 in statutory damages for each and every violation of the statute, or up to $1,500 in statutory damages for each willfully or knowingly-made violation, pursuant to 47 U.S.C. § 227(b)(3).

63. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting the Defendant's violation of the TCPA in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all Class members the following relief against the Defendant:

A. Injunctive relief prohibiting Defendant from engaging in the use of pre-recorded messages or an automatic telephone dialing system;

B. As a result of Defendant's statutory violations of 47 U.S.C. § 227(b), Plaintiff seeks for himself and each Class member $500 in statutory damages for each and every violation of the TCPA;

    C.    As a result of Defendant's statutory violations of 47 U.S.C. § 227(c), Plaintiff seeks for themselves and each Class member $500 in statutory damages for each and every violation of the TCPA;

    D.    As a result of the Defendant's willful and/or knowing violations of the TCPA, Plaintiff seek for themselves and each Class member treble damages, as provided by statute, of up to $1,500 for each and every violation of the TCPA;

    E.    An award of attorneys' fees and costs to counsel for Plaintiff and the Class as permitted by law;

    F.    An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing the Class as the Court deems appropriate, finding that Plaintiff are a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

    G.    Such other relief as the Court deems just and proper.

Dated:  August 2, 2018

By:   /s/ *Steven H. Koval*___
     Steven H. Koval

THE KOVAL FIRM, LLC
Steven H. Koval (Ga. Bar No. 428905)
Email: shkoval@aol.com
3575 Piedmont Road
Building 15, Suite 120
Atlanta, GA  30305
Telephone:  (404) 513-6651
Facsimile: (404) 549-4654

LAW OFFICE OF MATTHEW P. MCCUE
Matthew P. McCue (subject to *pro hac vice*)
Email: mmccue@massattorneys.net
1 South Ave, Suite 3
Natick, MA 01760
Telephone:  (508) 655-1415

BRODERICK & PARONICH, P.C.
Anthony I. Paronich (subject to *pro hac vice*)
Email: anthony@broderick-law.com
Edward A. Broderick (subject to *pro hac vice*)
Email: ted@broderick-law.com
99 High St., Suite 304
Boston, MA 02110
Telephone:  (508) 221-1510

HEIDARPOUR LAW FIRM, PPC
Andrew W. Heidarpour (subject to *pro hac vice*)
E-mail: AHeidarpour@HLFirm.com
1300 Pennsylvania Ave. NW, 190-318
Washington, DC 20004
Telephone: (202) 234-2727

## CERTIFICATION OF COUNSEL

I hereby certify in accordance with U.S.D.C. N.D. Ga. Local Rule 7.1D that the foregoing CLASS ACTION COMPLAINT has been prepared using Times New Roman, 14 point font, as required in U.S.D.C. N.D. Ga. Local Rule 5.1C.

Dated: August 2, 2018

                                                      */s/ Steven H. Koval*
                                                    Steven H. Koval